Morphy, J.
The petitioner represents that, on the 11th of February, 1S35, the defendant was appointed his tutor, and accepted the trust; that, in 1S34, his uncle, Levi Blakey, died intestate, leaving as his heirs his brothers and sisters, (seven in number,) and the petitioner, the only son and representative of his mofner, Sarah Rutledge, sister of said Levi Blakey, and that the petitioner’s distributive share of the said succession was $3678 31. That, in 1835, another uncle of his died intestate, leaving as his heirs his brothers and sisters, (six in number,) and the petitioner, the representative of Sarah Rutledge, the sister of the deceased, and that the petitioner’s distributive share in the succession of David Blakey amounted to $2767 51. That, in the year -, another uncle, Riley W. Blakey, died intestate, leaving as his sole heirs his brothers and sisters, (five in number,) and the petitioner, the sole representative of Sarah, the sister of the deceased, and that the petitioner’s distributive share in the succession of Riley W. Blakey was $1074 30. That all this property inherited as aforesaid was received, or ought to have been received, by the defendant, and accounted for to the petitioner, &c. He prays that the defendant be ordered to render an account of his tutorship ; and, in default thereof, that judgment, with a privilege on all defendant’s property, be rendered against him for *161 $7520 13, with ten per cent interest thereon, from the 11th of February, 1835, &c.
The defendant, in several successive answers, pleaded the general issue, prescription, and res judicata; he further pleaded, that he had already accounted to the court for his administration of the estate of Levi Blakey, and cannot be called upon to account twice for the same ; and that, as relates to the succession of David Blakey, the plaintiff cannot stand in judgment to claim any part of it, having divested himself of all right, title, and interest in and to the said succession in favor of Aaron Lilley, &c. There was a judgment below in favor of the plaintiff for $62 50, with a privilege on the defendant’s property from the llth of February, 1835. From this judgment the plaintiff, after attempting, without success, to obtain a new trial, appealed.
In the progress of the trial below, the defendant offered in support of his plea of res judicata, a judgment of nonsuit, rendered between the same parties, by the lower court, a few months before. This judgment purports to be based on the ground, that the defendant, Nicholson Barnes, had never been appointed tutor to Lawrence M. Rutledge in regard to the succession of David Blakey, and that he had never accepted, nor had possession of said succession. The plaintiff’s counsel opposed the introduction of this judgment, but his opposition was overruled by the Probate Judge, who then decided, that all matters in relation to the estate of David Blakey were res judicata, and could not be inquired into in this suit. To this opinion, the plaintiff’s counsel took a bill of exceptions. The Judge clearly erred in sustaining the plea of res judicata ; as a judgment of nonsuit forms no basis for such a plea. 6 Mart. N. S. 334. 7 Ib.N.S.365. 2 La. 429. He seems to have viewed that part of the petitioner’s claim relative to David Blakey’s succession as a distinct suit, in which he gave a separate judgment, in the same manner as he considered in his judgment of nonsuit, that Nicholson Barnes, although qualified as the plaintiff’s tutor, was not his tutor with'regard to the said succession. Under this view of the effect of the nonsuit previously pronounced, he excluded, improperly, we think, the evidence offered to show the amount of the succession of David Blakey.
Stockton and Steele, for the appellant.
Phillips and Bemiss, for the defendant.
With regard to the main judgment in relation to the plaintiff’s demand against his tutor, as an heir of Levi Blakey, it must be reversed, and the case remanded, as the plaintiff’s rights in said succession must depend upon the final judgment to be rendered upon the account of the administrator, Nicholson Barnes, which case has this day been remanded. See Succession of Blakey, supra, p.155.
It is, therefore, ordered and decreed, that the judgment of the Court of Probates be reversed, the plea of' res judicata set up by the defendant overruled, and the case remanded to be proceeded in according to law; the appellee to pay the costs of this appeal.